IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERIECE LEE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-0554 |
| | : | |
| PHILADELPHIA FAMILY COURT, | : | |
| *et al.*, | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**GOLDBERG, J.**                                                                                         **March 20, 2023**

<u>Pro se</u> Plaintiff Cheriece Lee filed a Complaint against the Philadelphia Family Court and Collins Lee (the father of her two children), seeking money damages after losing custody of her children. Lee seeks to proceed <u>in forma pauperis</u>. For the following reasons, I will grant Lee leave to proceed <u>in forma pauperis</u> and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     FACTUAL ALLEGATIONS

The factual allegations in Lee's Complaint are brief. She alleges that she received therapy and other support for "domestic abuse" that occurred at Defendant Collins Lee's home in Philadelphia. (Compl. at 2, 4.)[1] Lee states that she "tried to get help from [the] Family Court on several occasions" but "was denied." (<u>Id.</u> at 4.) At some point, Lee allegedly "removed [a] PFA" (i.e., a protection-from-abuse order) so that her two children could spend time with their father, Collins Lee. (<u>Id.</u>) Lee further states that "[a]fter some time, [Collins] Lee went through the system and took the children away from [her]," which was not "based on anything that [she] violated." (<u>Id.</u>) Lee states that she "take[s] care of all of [her children's] needs, such as education, medical,

---

[1] Page numbers refer to those supplied by the CM/ECF docketing system.

mental health, and personal care" and that she wants "equal time with [her] children to give them the proper nurturing they need." (Id.) She states that the "order should be 50/50 as it once was." (Id.) Based on these facts, Lee alleges that she suffered injuries related to her mental health and seeks money damages "to recover all of [her] losses" in businesses that she "had to walk away from due to the abuse." (Id. at 5.)

## II.     STANDARD OF REVIEW

I will grant Lee leave to proceed in forma pauperis because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that I dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). "'At this early stage of the litigation,' '[the court must] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, … contains facts sufficient to state a plausible [] claim.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678. As Lee is proceeding pro se, I must construe her allegations liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021).

### III.     DISCUSSION

Lee requests money damages for alleged violations of her "parental rights" after losing custody of her children. (Compl. at 3.)[2] She names two Defendants: the Philadelphia Family Court and Collins Lee. Although the legal basis for Lee's claims is not entirely clear, because Lee is challenging the procedures used to adjudicate custody of her children, I will analyze her claim as Fourteenth Amendment Due Process claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). As set forth below, Lee's Complaint must be dismissed because neither the Family Court nor Collins Lee can be sued under § 1983.

#### A.     Claims against the Philadelphia Family Court

The Eleventh Amendment prohibits suits against a state and its agencies in federal court unless the state has consented to be sued or Congress has validly abrogated the state's immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989). The Philadelphia Family Court, a division of the Philadelphia Court of Common Pleas, is an arm of the Commonwealth of Pennsylvania and therefore shares in the Commonwealth's immunity. Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005); see also Custis v. City of Philadelphia Ct. of Common Pleas, No. 21-3573, 2021 WL 3784257, at *4 (E.D. Pa. Aug. 26, 2021) (concluding that the

---

[2] It is not clear whether Lee also asks this Court to intervene in the state court child custody dispute. If that was her intention, the request must be denied, because a federal district court may not review a final judgment of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine applies to "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments")

Domestic Unit of the Philadelphia Court of Common Pleas "may not be sued under § 1983" as a division of a state court). Pennsylvania has not waived immunity for civil rights claims, nor did Congress abrogate its immunity by passing § 1983. See 42 Pa. Cons. Stat. § 8521(b); Karns v. Shanahan, 879 F.3d 504, 519 (3d Cir. 2018). Accordingly, Lee's claims against the Philadelphia Family Court must be dismissed.

### B.  Claim against Collins Lee

Lee has also sued the father of her children, Collins Lee. Collins Lee is a private individual and not a state actor subject to liability under § 1983. See Humphrey v. Pennsylvania Ct. of Common Pleas of Philadelphia, 462 F. Supp. 3d 532, 536 (E.D. Pa. 2020). The fact that Collins Lee litigated a custody dispute in the Family Court does not make him a state actor. See Dennis v. Sparks, 449 U.S. 24, 28 (1980). Accordingly, all claims against Collins Lee must be also dismissed.

### IV.  CONCLUSION

For the foregoing reasons, I will grant Lee leave to proceed in forma pauperis and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). I will not grant Lee leave to amend her complaint as any amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.